**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1547-18T4

IN THE MATTER OF
THE SEARCH OF
219 EMMET STREET,
NEWARK, NEW JERSEY.

_____

Argued March 3, 2020 – Decided May 7, 2020

Before Judges Yannotti and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Union County.

Isaac Wright, Jr. argued the cause for appellant Daniel Zuniga (Hunt Hamlin & Ridley, attorneys; Isaac Wright, Jr., on the brief).

Milton Samuel Leibowitz, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent State of New Jersey (Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney; Milton Samuel Leibowitz, of counsel and on the brief).

PER CURIAM

Daniel Zuniga appeals from an October 5, 2018 order denying his request under Rule 3:5-6(c) to compel the Union County Prosecutor's Office (UCPO) to

produce copies of documents related to a search warrant executed at his property. The trial court found it lacked jurisdiction to consider Zuniga's request because the State had not charged him with any crimes. Therefore, the court did not consider whether Zuniga established "good cause" to obtain the documents as an "aggrieved person" under the rule.

Before this court, the State concedes the trial court had jurisdiction. We agree. We therefore reverse and remand to the trial court for a review of the application on its merits to determine whether Zuniga has established good cause for the release of the search warrant and accompanying documents.

While investigating a homicide in March 2018, the UCPO learned that the victim had been at a nightclub in Newark shortly before being shot. The property was rented to and managed by Zuniga and his brother-in-law. The UCPO obtained a search warrant to recover surveillance footage from the property. When the officers arrived at the premises to execute the warrant, Zuniga let them in.

Once inside, the officers observed a black handgun, several glassine envelopes containing a substance that appeared to be heroin, and a sealed plastic bag containing a substance that appeared to be marijuana. They also observed several marijuana plants with high-powered grow lamps and a water filtration

system enclosed in heavy plastic, and noted a strong odor of marijuana. They contacted the Newark Police Department (NPD), who secured the scene and obtained a search warrant. During the search, the NPD retrieved multiple guns and rounds of ammunition, marijuana, cocaine, heroin, and drug distribution paraphernalia.

Several days later, Zuniga was arrested and charged in a federal criminal complaint with: possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute cocaine, heroin and marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and maintaining drug-involved premises in violation of 21 U.S.C. § 856(a)(1).[1] Zuniga was not charged by the UCPO or in Essex County.

In August 2018, Zuniga's counsel spoke with the law clerk of the Union County Superior Court judge who had signed the UCPO warrant, inquiring as to the procedure to obtain a copy of the warrant and its accompanying documentation, including the telephonic affidavit and police reports. Counsel advised the judge that Zuniga was charged with federal offenses as a result of

---

[1] Zuniga was indicted by a federal grand jury on October 31, 2018.

the search. However, when counsel requested information regarding the warrant, the federal authorities told him the UCPO warrant "was not relevant to their case because they [were] relying on a subsequent warrant issued by an Essex County Superior Court judge." Therefore, the federal government did not have the warrant or the supporting documents in its possession. The judge directed counsel to file a request with the UCPO and, if unsuccessful, to file the proper application with the trial court.

Thereafter, Zuniga filed an application with the trial court requesting an order directing the UCPO to provide him with a copy of the search warrant, related police reports, and other documents.

On October 5, 2018, the court denied Zuniga's request. In its order, the court found Zuniga could not seek the requested discovery items because (1) the State had not charged him with any crimes, and (2) the court lacked jurisdiction to order the UCPO to provide him with the requested discovery. The order refers to a telephone conference, but we were not supplied with any transcripts.

On appeal, Zuniga argues the trial court improperly denied his request for copies of the search warrant, accompanying affidavit and other related documents because (1) the court had jurisdiction to hear his application, and (2)

he established good cause to pierce the privilege of confidentiality afforded to search warrant documents as an "aggrieved person" under Rule 3:5-6(c).

As conceded by the State, the trial court erred in finding it lacked jurisdiction to entertain Zuniga's application. Dual sovereignty principles permit "[s]tates [to] possess sovereignty concurrent with that of the [f]ederal [g]overnment, subject only to limitations imposed by the Supremacy Clause." Gregory v. Ashcroft, 501 U.S. 452, 457 (1991) (quoting Tafflin v. Levitt, 493 U.S. 455, 458 (1990)); see U.S. Const. art. VI, cl. 2.

The dual sovereignty doctrine "recognizes that separate governmental jurisdictions have concurrent power to proscribe criminal conduct and to prosecute crime; and, further, each sovereign may exercise this power without regard to whether particular conduct is or was the subject of separate criminal proceedings undertaken by another jurisdiction." State v. Goodman, 92 N.J. 43, 51 (1983) (citing United States v. Lanza, 260 U.S. 377 (1922)); ibid. (recognizing that dual sovereignty is firmly established in New Jersey) (citing State v. Cooper, 54 N.J. 330, 338 (1969)).

Therefore, although Zuniga was charged with federal offenses, New Jersey retained its police powers to establish and enforce laws. This included

A-1547-18T4

the authority to consider Zuniga's application for the UCPO warrant and accompanying documents under Rule 3:5-6(c).

Because the trial court concluded it lacked jurisdiction to consider Zuniga's application, it made no determination whether Zuniga was entitled to production of the requested documents. Nevertheless, Zuniga contends he satisfied the requirements of the rule. We disagree.

Under Rule 3:5-6(c), a search warrant and its related documents are confidential, "except that the warrant and accompanying papers shall be provided to the defendant in discovery pursuant to [Rule] 3:13-3 and available for inspection and copying by any person claiming to be aggrieved by an unlawful search and seizure upon notice to the county prosecutor for good cause shown." (emphasis added).

The State does not dispute that Zuniga is an aggrieved person. Indeed, Zuniga operated a business at the location that was searched and was indicted as a result of evidence seized pursuant to the search. The State does dispute that Zuniga established good cause because he has not explained why he needs the information he seeks, and he has not outlined what information was provided to the trial court in support of his application.

A-1547-18T4

Presumably, Zuniga seeks the UCPO search warrant and related documents to aid in his defense against the federal charges. He asserts he cannot obtain the materials as part of the federal discovery production because the federal authorities do not have the documents. On remand, the trial court must determine whether Zuniga has established good cause to order the UCPO to produce the warrant and other requested materials.

Reverse and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1547-18T4